IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                Plaintiff,

  v.

ALANA ACKER, ETHAN MARCZEWSKI,
JESSICA HERNANDEZ, HEATHER THIELEN,
OFFICER JOHN DOE, OFFICER LANGE, and
OFFICER CERIAL,

                Defendants.

OPINION and ORDER

25-cv-265-jdp

---

Plaintiff Jovan Williams, proceeding without counsel, is a prisoner at Columbia Correctional Institution. The defendants are all prison staff. Williams alleges that defendants violated his constitutional rights by giving him Narcan while Williams was suffering from a seizure, even though they knew that Williams had not overdosed.

Under §§ 1915(e)(2) and §1915A, I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law cannot be sued for money damages. In doing so, I must accept Williams's allegations as true and construe the complaint generously, holding it to a less stringent standard than former pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I conclude that Williams's complaint fails to state a claim for relief under federal law because it is implausible that defendants' actions were anything other than a good-faith attempt to treat a possible drug overdose. I will dismiss the complaint, but I will give Williams a chance to amend.

ALLEGATIONS OF FACT

I draw the following facts from Williams's complaint and the attached exhibits. Dkt. 1.

On November 8, 2023, Williams suffered a seizure while defendant correctional officers Thielen, Cerial, and an unnamed officer were escorting him from the shower back to his cell.[1] The officers called for help and first responders arrived, including defendant officer Marczewski. A nearby inmate yelled, "hit him with Narcan!" Marczewski gave Williams a dose of Narcan, which is an opioid agonist used to treat suspected overdoses.

Defendants began to lift Williams off the ground and Williams had another seizure. Marczewski administered a second dose of Narcan. The Narcan caused Williams to experience high blood pressure, rapid heartbeat, runny nose, and shakiness. Prison staff took Williams to the emergency room, where doctors confirmed that Williams had suffered from a seizure. He tested negative for drugs.

A similar event happened on March 23, 2024. Williams had a seizure after taking a shower. Defendant officers Lange and Hernandez and defendant nurse Acker responded. Acker administered Narcan. Acker knew from previous experience that Williams suffers from a seizure disorder and reacts badly to Narcan. Acker also knew that Williams had complained about receiving Narcan during the seizure incident the previous November. After Acker administered the Narcan, defendants moved Williams from the ground to a triage room, where Acker administered a second dose of Narcan even though Williams was responsive. Then Acker sent Williams to the emergency room for further evaluation and treatment.

---

[1] Williams doesn't name the John Doe officer as a defendant in the caption of his complaint, but he names him as a defendant in the complaint's body, so I have adjusted the caption accordingly.

ANALYSIS

Williams asserts that the defendants violated his constitutional rights by giving him Narcan when he was not experiencing a drug overdose. I take Williams be asserting a Fourteenth Amendment forced medical treatment claim, Eighth Amendment excessive force and inadequate medical care claims, and a First Amendment retaliation claim.

**A. Fourteenth Amendment**

Prisoners possess a Fourteenth Amendment liberty interest in "refusing forced medical treatment while incarcerated." *Knight v. Grossman*, 942 F.3d 336, 342 (7th Cir. 2019) (citing *Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 278 (1990)). A prison official violates this right if he consciously disregards an inmate's right to refuse medical treatment. *Id.*

Nothing in the complaint suggests that the defendants violated Williams's right to refuse treatment. Williams does not say that he refused Narcan during either the November 2023 or March 2024 incident. Instead, he says that he has "filed several inmate complaints making every Columbia official aware that he has a history of seizures and that Narcan makes it worse and to please stop using Narcan when responding to a medical condition and not a drug overdose." Dkt. 1, at 4. But this is not a blanket refusal of Narcan; it's a refusal only in the situation where Williams was having a "medical condition and not a drug overdose." For this refusal to give rise to a forced treatment claim, Williams would have to allege facts plausibly suggesting that defendants were certain he was not having a drug overdose. In this case, Williams alleges that his seizures caused him to collapse and become unresponsive for a time. Those symptoms resemble a drug overdose, so I cannot infer that defendants were certain that Williams was not experiencing an overdose.

3

B. **Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishment, including the use of excessive force and inadequate medical care. To state a claim for excessive force, a prisoner must allege that defendants applied force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). To state a claim for inadequate medical care, a prisoner must allege that he had an objectively serious medical need that the defendants consciously disregarded. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The common thread for both types of claims is intent to cause harm. Inadvertent error, negligence, gross negligence, and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

I conclude that Williams has not stated an Eighth Amendment claim for the same reason as his Fourteenth Amendment claim. Williams's allegations don't support a reasonable inference that defendants knew he was not having an overdose, so it is implausible that defendants' use of Narcan was anything other than a good-faith effort to prevent a life-threatening emergency. Defendants' suspicion of an overdose may have been incorrect, but that is at most an inadvertent error, which does not give rise to a constitutional claim.[2]

---

[2] In his complaint, Williams cites *Godfrey-Hill v. Burns*, No. 3:23-cv-1497 (VAB), 2024 WL 1012924 (D. Conn. Mar. 8, 2024). In that case, the inmate plaintiff had a seizure, fell from a top bunk, and hit his head on the floor; the defendant nurses responded by giving him Narcan even though his roommate told the nurses he was having a seizure. The district court allowed the plaintiff to proceed on Eighth Amendment medical care claims. *Godfrey-Hill* is not binding on this court. In any event, the facts are distinguishable because in addition to alleging inappropriate use of Narcan, the plaintiff in *Godfrey-Hill* alleged that the nurses did not give him his seizure medication and did not provide him with adequate treatment after he returned from the hospital. *Id.* at *2.

Williams argues that defendants' intent to harm him is demonstrated by their decision to give him more than one dose of Narcan. He attaches a document to the complaint that appears to be instructions for non-medical professionals about how to use Narcan. Dkt. 1-1. According to Williams, defendants violated the instructions to "[g]et medical help right away after giving the first dose" by giving him two doses.

Contrary to Williams's assertion, defendants' actions appear to be consistent with the Narcan use instructions. The instructions say to get medical help after the first dose and to "use another dose in the other nostril every 2–3 minutes" if symptoms return. *Id.* Defendants appear to have followed these instructions by calling emergency services during the seizure events and giving Williams a second dose of Narcan in response to his seizure symptoms. In any event, even if Williams's allegations suggested that defendants had violated the Narcan use instructions, that would suggest negligence at most; it would not support an Eighth Amendment claim.

C.  **First Amendment**

The First Amendment protects prisoners' right to complain about prison conditions. *Pearson v. Welborn*, 471 F.3d 732 (7th Cir. 2006). To state a retaliation claim, Williams must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity was at least a motivating factor in defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Williams asserts that Acker used Narcan during the March 2024 incident in retaliation for Williams's complaints about the use of Narcan during the November 2023 incident. I will not allow Williams to proceed on this claim. Providing first aid for a possible overdose is not

5

the type of deprivation that would deter an ordinary inmate from submitting complaints. Nor do Williams's allegations plausibly suggest that his complaints were a motivating factor in Acker's decision, for the same reasons described above.

Nothing in Williams's complaint suggests that defendants violated Williams's constitutional rights; on the contrary, defendants appear to have provided appropriate first aid in response to Williams's emergency medical situation. I will dismiss this complaint. I will, however, give Williams a chance to amend his complaint to fix the pleading deficiencies identified in this order.

ORDER

IT IS ORDERED that:

1. Plaintiff Jovan Williams's complaint, Dkt. 1, is DISMISSED for failure to state a claim.

2. Plaintiff may have until November 19, 2025, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered October 22, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge